*253 OPINION.
Stekn iiagen :
1. The amounts contributed by petitioner to the Adelphic Literary Society in 1925 and 1926 are claimed by him to be deductions under section 214 (a) (10) (B),’ Bevenue Acts of 1924 and 1926 as “ contributions or gifts made within the taxable year to or for the use of * * * (B) any corporation, or trust, or community c^iest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, ⅝ * * no pai.£ 0f j.]10 net earningS 0f which inures to the benefit of an,y private stockholder or individual.” But we think it clear that the corporation was both organized and operated for purposes broader than those described by the restrictive language of the statute. The intellectual and moral improvement of its members goes far beyond any or all of the adjectives of the. act, to say nothing of the rigid boundaries of the terms fixed by the word “exclusively.” The moral and intellectual improvement of the members is derived not only from literary and educational activities, but also by their living and eating together and otherwise enjoying social intercourse. The members are also members of Alpha Delta Phi fraternity. The fraternity is not per se within the statute, Francis Cooley Hall, 2 B. T. A. 931; Earl King, 9 B. T. A. 502; Henry Wilson, 16 B. T. A. 1280, and the petitioner testified that it was practically impossible to separate the financial operations of the society from those of the fraternity. From such evidence as is in the record the social and living aspects of the fraternity are far more importantly affected by these contributions than the literary aspects of the society, and hence the situation is within the caveat of George E. Turnure, 9 B. T. A. 871. The deductions are in our opinion properly disallowed.
2. The respondent added to petitioner’s income $863.63 of the total profit of $1,754.22 derived by petitioner in net rent from subletting the Freeport property. At the hearing respondent claimed ah increased deficiency by the addition to gross income of the full amount of $1,754.22 instead of the $863.63. He was permitted, by virtue of Bevenue Act of 1926, section 274 (e), to make the claim.
The petitioner had a twofold relation to the property by virtue of his purchase of the contract; he was a lessee required to pay rent of $200 a month and he was the holder of an option to purchase for *254 $28,500. He paid $8,000 for these rights in 1923. If there had been no option, petitioner might perhaps have amortized the $8,000 over the term of his lease. But he testified that the option was to him the important feature for which he paid. How to measure its importance by an apportionment is not furnished by the evidence. The $8,000 can not, therefore, be amortized out of the rent received from his subtenant. Nor may petitioner, as he urges, treat the $8,000 as cost of depreciable property constructed by his assignor; for these he did not own, and as lessee he has no deduction in respect of them. Weiss v. Wiener, 270 U. S. 335.
The net amount of $1,754.22 received in 1925 was clearly income and should have been so' returned. The deficiency should be increased accordingly.
Be viewed by the Board.

Judgment will be entered under Rule 5J).

Sea well,
dissenting: I dissent on the first point. An “ educational ” purpose will take care of “ intellectual ” improvement and a “ religious ” and “ charitable ” purpose is all-sufficient for the “ moral ” improvement. To say that one’s contribution to a church building fund is not religious because forsooth church suppers and church socials will be held in the house when completed is to leave no room for the cambium between the bark and the wood of the tree.